Breitel, J. (dissenting).
With much of the analysis by Judge Van Voorhis I agree. The difficulty is that the majority, in interpreting the contract and applying the contractual device for fixing the lessee’s liability for taxes, converts the parties’ contractual arrangement into a judicial valuation as it would a determination of value in a condemnation or tax assessment proceeding—a result never contemplated by the parties.
The lease, executed in the depression year of 1932, provided that in the absence of apportionment by the taxing authorities, “ a reasonable and equitable portion [of taxes on the whole] as fixed and determined by the Lessor ” would be paid by the lessee. For 29 years the lessee never questioned or objected to the apportionment. This is particularly significant in view of the fact that the lease was for only one year, renewable for like periods, and renewed in accordance with the lease provisions for each of the 29 years. Had the lessee ever questioned the method of apportionment, there is a great likelihood that the payment terms would have been renegotiated.
Notable is the fact that the lease provided only for an annual payment of $1 rent, plus one half the gross revenues from this office and store building, together with “ a reasonable and equitable portion” of the taxes “ as fixed and determined by the Lessor”. Moreover, the lease provided for a monthly advance on account of taxes in the sum of $430, which initially provided an estimate of the lessee’s liability and was in excess of the amount due according to lessor. This last provision, together with the conduct of the parties over these many years, demonstrates a practical construction of what was meant and what was expected by the parties. Such practical construction is different from invoking any doctrine of laches. Practical construction shows what the parties meant, while laches would go only to the failure of a party to assert his rights (compare 36 N. Y. Jur., Limitations and Laches, § 153, with 10 N. Y. Jur., Contracts, § 221; 4 Williston, Contracts [3d ed.], § 623).
*181 It is not without significance too that the signatory on behalf of the corporate lessee on this 1932 lease was an eminent lawyer in the community, who has since died. The lessee raised its objections only after it had decided to cancel the renewable lease according to its terms and was, evidently, no longer interested in discouraging the lessor from canceling the lease, as it too had the right. An incidental stimulus was the local tax assessor’s apportionment which had little relevance either to the true valuation of the demised premises or to the purpose of the lessor and lessee at the time the lease was executed.
Accordingly, I dissent and vote to affirm the order of the Appellate Division.
Judges Burke, Scileppi, Bergan and Keating concur with Judge Van Voorhis; Judge Breitel dissents and votes to affirm in a separate opinion in which Chief Judge Fuld concurs.
Order reversed, etc.